CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP 14 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT L. JOHNSON, JR., | ) | Civil Action No. 7:11-cv-00253 |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BURTON LOBB, et al., | ) | By: Hon. Jackson L. Kiser |
|    Defendants. | ) | Senior United States District Judge |

Robert L. Johnson, Jr., a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Burton Lobb, the Chief Probation Officer of District 26, and Captain Graves, the Head Counselor at the Central Virginia Regional Jail ("Jail"). Plaintiff alleges that he was denied counsel at his parole revocation hearing, in violation of due process. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in his Complaint. On April 3, 2009, plaintiff met with defendant Lobb to discuss his upcoming parole revocation hearing set. Lobb told plaintiff that plaintiff would meet with a representative of the Virginia Parole Board ("Board") at the Jail on April 6, 2009. Lobb also asked plaintiff four questions: did he want an attorney at the hearing; did he want to present any witnesses; did he intend to admit or deny the alleged parole violation; and did he intend to cross-examine any witness. Plaintiff said he wanted an attorney, did not want to present evidence, denied violating parole, and did not want to cross-examine any witness. Plaintiff signed a paper reflecting his answers.

On April 9, an unknown agent ("Agent") of the Board met with plaintiff to conduct his parole revocation hearing. Plaintiff told the Agent that he wanted an attorney present, but the Agent continued the hearing. In response to the Agent's questions, plaintiff said "what he did" and how the terms of his guilty-plea agreement related to his parole. The Agent conducted the hearing with plaintiff's consent after telling plaintiff that he would definitely be revoked from parole if he refused the hearing. Plaintiff completed the hearing, and he received a letter on April 23, 2009, telling him the Board revoked his parole.

Plaintiff filed a grievance with the Jail, alleging a violation of due process by having his parole revoked despite not having counsel. Defendant Graves received his grievance and called the Virginia Parole Board. She asked the Board to fax the appeal paperwork to the Jail so plaintiff could appeal the Board's decision. Plaintiff received the paperwork and appealed, but the Board affirmed his revocation. Plaintiff remains incarcerated and requests as relief a new parole revocation hearing with counsel and $850,000.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the

pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff fails to state a claim against defendants Lobb and Graves because he fails to allege that they violated one of his constitutional rights. Plaintiff merely alleges that Lobb helped him fill out a form a few days before the parole revocation hearing and that Graves called the Board for

him to receive appeal paperwork, which he received. Plaintiff fails to link any defendant to the Agent's decision to hold the revocation hearing without counsel or the Board's ultimate decision to revoke his parole. Therefore, plaintiff fails to show that the alleged constitutional deprivation was committed by either defendant. Accordingly, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted against these defendants.

III.

For the foregoing reasons, I dismiss the Complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted and deny as moot his motion for counsel.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

ENTER: This 14th day of September, 2011.

/s/ Jackson L. Kiser
Senior United States District Judge

4